MOSES HAMBURGER, PLAINTIFF, v. CHARLES HAMBURGER ET UX., DEFENDANTS.

Submitted October term, 1929—Decided December 19, 1929.

Before Justices PARKER, BLACK and BODINE.

For the defendants, *Albert C. Abbott.*

For the plaintiff, *Robert K. Bell.*

PER CURIAM.

The only point involved in this case is the liability of a married woman, on a judgment confessed by a husband and wife. The judgment was the result of a bond executed by the husband and wife, on the first day of August, 1926. Attached to the bond was a warrant, in the usual form, to confess judgment on the bond. The judgment was entered January 8th, 1929. At the time the bond was executed, a mortgage was executed as security for the bond, on property in Ocean City. The sole owner of the property was the husband. The only right the wife had in the property was an inchoate right of dower. The mortgage was foreclosed, the

sale of the property resulting in a deficiency of $2,976.70; hence, the confessed judgment. The proceeds of the mortgage went exclusively to the benefit and use of the husband. A rule to show cause was allowed by a justice of the Supreme Court, on behalf of the wife, Fannie Hamburger, why the judgment entered on the 8th day of January, 1929, should not be set aside and vacated. We think under the law, as it existed, when the bond and mortgage was executed, viz., August 1st, 1926, the judgment against the wife should be vacated. The only justification that is attempted to be made for holding the wife liable is under *Pamph. L.* 1927, *p*. 33. But there is no suggestion in that act that it is or was intended to have any retroactive force; in fact, it expressly provides: "After the passage of 'this act,'" &c. If, however, the wife was not liable on the bond, when it was made, she could not be made liable thereon by a later statute. The case of *Van Deventer* v. *Van Deventer,* 46 *N. J. L.* 460, is directly in point, that case is controlling. The judgment as to the wife, Fannie Hamburger, is set aside and vacated with costs.