SAMPSON W. JOHNSTON AND ELEANOR F. JOHNSTON, HIS WIFE, PLAINTIFFS, v. MORRIS E. HAUSEMAN AND SALLIE R. HAUSEMAN, HIS WIFE, DEFENDANTS.

Argued May 3, 1932—Decided July 13, 1932.

Before Justices TRENCHARD, CASE and BROGAN.

For Sallie R. Hauseman, *William Charlton.*

For the plaintiffs, *T. Philips Brown.*

PER CURIAM.

On November 19th, 1926, Morris E. Hauseman and Sallie R. Hauseman, his wife, who had been married and had lived together for forty years, executed a mortgage to secure a bond, executed by them, upon property in Cape May county, which land and premises were owned solely by Morris E. Hauseman, the wife having only an inchoate dower interest. The depositions show that all of the moneys received from the mortgagee went solely to the benefit of Morris E. Hauseman and were used by him to pay bills for the construction of the buildings which he erected upon the mortgaged lands, and that Sallie R. Hauseman, the wife, received no part thereof. The mortgage was foreclosed and a deficiency arising at the sheriff's sale, judgment by confession upon the bond accompanying the mortgage was entered in this court against both Morris E. Hauseman and Sallie R. Hauseman, husband and wife. This is a rule to show cause why that judgment should not be vacated, so far as it applies to Sallie R. Hauseman.

Under similar facts this court, in the case of *Hamburger* v. *Hamburger, 8 N. J. Mis. R.* 3; 148 *Atl. Rep.* 15, decided that a married woman was not liable on a judgment confessed on a bond in similar circumstances. Examinations of that case indicates that it is identical with the facts herein. Attention is called to the fact that the mortgage in the present case was executed prior to the passage of *Pamph. L.* 1927, *p.* 33.

The holding in the Hamburger case was this: "A married woman *held* not liable on judgment confessed on bond executed by husband and wife, where husband was sole owner of property mortgaged to secure bond, wife having only an inchoate dower interest, and proceeds of the mortgage going exclusively to benefit of husband (*Pamph. L.* 1927, *p.* 33), enacted at a later date being inapplicable since it is not retroactive."

Upon the authority of that case the judgment under review, in so far as it affects Sallie R. Hauseman, will be vacated and set aside, with costs.